GROSS v. GRANITE STATE PROVIDENT ASS'N.

(City Court of New York, General Term.    May 18, 1894.)

OPENING DEFAULT—DISMISSAL FOR WANT OF PROSECUTION.

Where an action is dismissed for want of prosecution, and not on the merits, the default will not be opened a year afterwards, but plaintiff will be left to his remedy by a new action.

Appeal from special term.

Action by Max Gross against the Granite State Provident Association. From an order opening a dismissal for want of prosecution, defendant appeals. Reversed.

Argued before VAN WYCK and McCARTHY, JJ.

Philip Carpenter, for appellant.

Abram A. Joseph, for respondent.

VAN WYCK, J. The record shows that plaintiff entered into an agreement in August, 1890, with his attorney, to give him 25 per cent. of his recovery in this action, which was commenced in that month, and a warrant of attachment was issued herein, and defendant's property attached thereunder; that plaintiff never served a

notice of trial or filed a note of issue herein; that in December, 1892, defendant made a motion to dismiss for want of prosecution, and served notice of same upon plaintiff's attorney who sought and secured an adjournment of same for two days, and then defaulted, upon which defendant's motion was granted, with costs of action to date, whereupon, on January 11, 1893, defendant entered a judgment against plaintiff wholly for costs, after notice of entry of same, and taxation of costs was duly given to plaintiff's attorney, and an execution issued, and returned unsatisfied, whereupon, on February 3, 1894, an order in supplementary proceedings was issued, and plaintiff was examined thereunder on the 8th of that month. On March 1, 1894,—over 3½ years after commencement of the action, and more than one year after same had been dismissed for want of prosecution,—the plaintiff moved to open his default in the motion to dismiss, and his motion was granted, and the default opened by the order from which this appeal is taken. Not a single fact, as above set forth, was denied by plaintiff's attorney, nor by plaintiff's own affidavit, except that he says he did not personally hear about the case until the judgment was entered, which was more than one year before his motion. The defendant's judgment was for costs only, and the dismissal of the plaintiff's action was not on the merits. Hence, he can bring a new action, if he has any cause, and, if he does, he needs to amend his complaint, for it is indeed doubtful whether it sets forth a cause of action. His motion should have been denied, leaving him to his new action. Judge Van Brunt says in James v. McCreery (Sup.) 7 N. Y. Supp. 494:

"There is no good reason why all the damages arising from the negligence of a party or his attorney should be visited upon the opposing party to the action, as would be the case if defaults were to be opened as a matter of course. The plaintiff in this case has been guilty of laches in the making of this motion, and should be remitted to a new action for the enforcement of his rights, if he has any."

And see Wygant v. Brown, Id. 490.
The order is reversed, and plaintiff's motion denied.